IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARRIE NASH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:07-cv-00089-UNA |
| | * | |
| CIGNA GROUP INSURANCE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant Life Insurance of North America ("Defendant" or "LINA") improperly named as CIGNA Group Insurance, by and through its undersigned attorneys, files this Answer to Plaintiff's Complaint ("Complaint"), and states as follows:

1.   Defendant is without sufficient information to admit or deny the averment that Plaintiff is a citizen of the State of Delaware.

2.   Admitted in part, denied in part. Cigna Group Insurance is a service mark of several underwriting companies. Defendant LINA is the entity who issued the policy to Plaintiff's employer, Dover Downs Gaming & Entertainment Inc. ("Dover Downs"). It is admitted that Defendant LINA is licensed to do business in the State of Delaware.

3.   Denied as stated. Defendant LINA issued group life insurance policy to Plaintiff's employer, Dover Downs.

4.   Defendant LINA is without sufficient information since LINA does not receive premium payments directly from the Plaintiff.

5.   Denied as stated. Defendant LINA admits that it has information that Trayonis Allen's date of death was January 12, 2006.

6. Denied. Defendant LINA denies that Plaintiff made any payments directly to Defendant LINA. Defendant LINA was unaware of Mr. Allen's status until the claim for the benefits arose.

7. Admitted.

8. Denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS

### FIRST AFFIRMATIVE DEFENSE

The allegations in the Complaint fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policy or plan at issue.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq., which precludes any related state law causes of action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's remedies, if any, are limited to those provided under ERISA and her damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable policy.

### FIFTH AFFIRMATIVE DEFENSE

The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

### SIXTH AFFIRMATIVE DEFENSE

No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

### EIGHTH AFFIRMATIVE DEFENSE

This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for benefits under the policy was properly denied by Defendant LINA.

### TENTH AFFIRMATIVE DEFENSE

Defendant LINA asserts any and all defenses available to it under the terms of ERISA, 29 U.S.C. § 1001, et seq.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy one or more conditions precedent for coverage under the contract.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant LINA owes no obligation under the contract to pay benefits.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant LINA's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant LINA's factual determinations resulting in the denial of benefits was, under all of the circumstances, reasonable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial pursuant to the provisions of ERISA, 29 U.S.C. §1001, et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, including any claims for future disability benefits, interest, attorneys' fees, costs, and any other relief, are barred and/or preempted by one or more provisions of ERISA, 29 U.S.C. §1001, et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Under all the circumstances, Plaintiff is owed no benefits under the policy or plan, or interest, costs and/or attorneys' fees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations under ERISA and any contractual limitations period under the terms of the policy or plan.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by any other applicable statute of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of accord and satisfaction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust the available statutory or administrative remedies.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant LINA has discretionary authority to determine Plaintiff's eligibility for benefits and its decisions were not arbitrary and capricious.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under the policy or plan are barred in whole or in part by one or more provisions of the policy or plan.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any relief awarded to Plaintiff may be reduced or offset by benefits with which the subject policies integrates, if any, or should be otherwise reduced as required by law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The allegations in the Complaint fail to state a cause of action pertaining to any claim for attorneys' fees, interest and costs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

No payments are owed to Plaintiff under the terms and conditions of the policy.

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Ryan P. Newell (Bar No. 4744)
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899
(302) 658-9141

*Attorneys for Defendant*

DATED:  February 20, 2007